**STATE, Plaintiff-Appellee, v. STEVENSON, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 265.   Decided January 19, 1951.

Clark Wickensimer; Pros. Atty., Washington C. H., for plaintiff-appellee.

Hill & Hill, Washington C. H., for defendant-appellant.

**OPINION**

By THE COURT:

This is a law appeal from a judgment finding the defendant guilty of embezzling the sum of $1000.00.

The record reveals that the prosecuting witness, Lora Post, became a patient at the rest home conducted by the defendant on August 9, 1947; that she was suffering from hemorrhage of the lungs, and being eighty-two years of age her physical condition was so impaired that she appointed the defendant as her agent to handle her banking and financial affairs; that on March 25, 1948, she withdrew the sum of $1025.00 from the checking account of the prosecuting witness upon a check signed by Lora Post, who testified that she thought the check was only for the sum of $25.00, and which amount was given to her by the defendant, although the defendant claims that she gave her the full amount, to wit, $1025.00. It was not until two years later when she had her account balanced that Lora Post learned of the $1000.00 shortage. A conference was soon thereafter had between Clark Wickensimer, the Prosecuting Attorney for Fayette County, the defendant Bess Stevenson and Richard P. Rankin, who was acting as the defendant's attorney. The prosecution called attorney Rankin as a witness to establish the fact that a demand was made upon the defendant for an accounting and the return of the $1000.00, all of which was refused. An objection to the question was sustained for the reason that the same was a privileged communication. Since the Prosecuting Attorney was the only other available witness at the conference he took the witness stand for the same purpose. The same objection was made to his testimony, which was overruled. The record then discloses the following, the Prosecutor being the witness referred to:

"THE WITNESS: As I stated, as I recall it was in the afternoon of April the 21st. We sat around Mr. Rankin's desk in his office. He sat at the desk and Bess sat right between he and I. And she had there in her—strike that.

At that time I demanded, as agent for Lora Post, that she account for certain monies that she was short in her accounts to Lora Post.

MR. HILL: Well, I object to that and ask that it be stricken. It is a self-serving declaration, in the first place.

THE WITNESS: If the Court please, there has to be a demand for an accounting.

THE COURT: Well, it is rather a conclusion. It is hardly usual conversation in that way. The Court will not object to the showing of the conversation. 'I made a demand,' is a conclusion and will be ruled out. You may state what was said.

THE WITNESS: We had a considerable amount of discussion about figures with Mrs. Stevenson and Mr. Rankin, and copies and statements from the bank lay on the desk. And after going over the figures I stated to Bess Stevenson that, 'You are short at least a thousand dollars if not more.'

MR. HILL: I object and ask that the jury be instructed to disregard it. It is conversation.

THE COURT: Well, because it is prejudicial is no reason for striking it out if it is material. Why isn't it relevant and material?

MR. HILL. To have the Prosecuting Attorney get up there and say to her in front of the jury that she is short a thousand dollars, Judge.

THE COURT: Well, no. He is stating what the conversation was.

MR. HILL: And he is stating it before a jury.

THE COURT: What is your objection?

MR. HILL: My objection is it is objectionable because as an officer of the Court he has to prove his case by his evidence, and that conclusion—

THE COURT: Wait just a moment. The State must show a demand. By whom has the State proved a demand here, Mr. Hill?

MR. HILL: By whom have they proved a demand? By no one.

THE COURT: All right. Now, that would be relevant, wouldn't it?

MR. HILL: I am objecting to the language.

THE COURT: Well, the language may not have been all that it should have been.

MR. HILL: That is inflammatory to the jury, 'short a thousand dollars.'

THE COURT: Well, the objection will be overruled.

MR. HILL: Exception to the ruling of the Court.

THE WITNESS: And she stated to me at that time that she would refuse to pay any money back.

At that time she laid on Mr. Rankin's desk this check, State's Exhibit H, a thousand and twenty-five dollars. And I ask her what she was doing with this check in her possession, and she did not answer. I asked her, 'Mrs. Stevenson, did you get this thousand and twenty-five dollars from the Washington Savings Bank?'

She said, 'Yes, I did.'

I said, 'What became of that money?'

Her answer was, 'I put it in Lora's pocketbook just before I took her out to Mrs. Malone's—before she went out to Mrs. Malone's.'"

The first assignment of error relates to the admission of this testimony as being prejudicial and that the Court erred in overruling the objection to it. We find no error in the admission of this testimony. The record discloses that the money came into the hands of the defendant lawfully. Therefore it became incumbent upon the State to prove that a demand for a return was made and that the same was refused in order to complete the crime of embezzlement.

In Shelley v. State, 19 C. C. (N. S.) 164 (affirmed without opinion, **State of Ohio v. Shelley, 85 Oh St 481**), the Court said:

"The nature of the crime of embezzlement is such that although money may be received by an agent or servant from time to time as it comes into his hands lawfully, there may be no completed crime of embezzlement until, having thus received several sums at different times he finally refuses or is unable to account for the aggregate amount."

The appellant is particularly urging that the statement of the Prosecutor "You are short at least $1000.00 if not more" is highly prejudicial since it came from the Prosecuting Attorney and that nothing the defendant could say would erase this proposition from the minds of the jury. But this statement was the actual conversation had with the defendant and being such it was admissible as being necessary for the full understanding of the answer she gave thereto.

The appellant further contends that the verdict is not sustained by the evidence. It will be observed that the prosecuting witness denied most emphatically having ever received the $1000.00 from the $1025.00 check. The appellant contends that her testimony is unreliable because of her advanced age and physical condition. The determination of this question was a function of the jury and not of a reviewing court.

We have carefully examined the entire record in this case and are of the opinion that the same amply sustains the verdict. Since all of the elements of the offense were fully established the verdict is not contrary to law.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.